**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY YOUNG, et al., | CASE NO. CV F 07-0297 LJO SMS |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO DISMISS** |
| vs. | (Doc. 15.) |
| FORD MOTOR COMPANY, | |
| Defendant. | |

**INTRODUCTION**

Plaintiffs Anthony Young ("Mr. Young") and his wife Somjai Young ("Mrs. Young") seek F.R.Civ.P. 41(a)(2) dismissal without prejudice of this products liability action against defendant Ford Motor Company ("Ford") on grounds that a parallel state court action will more efficiently address their claims, including those against defendants not named in this action. Ford opposes dismissal and contends that Mr. and Mrs. Young filed the parallel state action to avoid litigating in this Court. This Court considered Mr. and Mrs. Young's motion to dismiss on the record and VACATES the July 5, 2007 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES Mr. and Mrs. Young's F.R.Civ.P. 41(a)(2) dismissal request.

# BACKGROUND

## Auto Collision

Mr. Young was rendered a quadriplegic on January 27, 2006, when his Ford Taurus was rear-ended in a chain reaction collision on Highway 99 in Stanislaus County. The collision arose from a chemical truck spill and resulting traffic slowdown. Ford contends that Mr. Young failed to notice that traffic slowed and struck an automobile in front of him to result in former defendant Joseph Rios ("Mr. Rios") rear-ending Mr. Young.

## Pre-Removal Activity

On March 22, 2006, Mr. and Mrs. Young filed a Stanislaus County Superior Court action to allege motor vehicle negligence claims against Mr. Rios and products liability claims against Ford. On May 9, 2006, Ford sent what it characterizes as its "standard letter" to propose early evaluation and potential mediation. Mr. and Mrs. Young and Ford set a mediation for late fall 2006.

Based on his investigation, Stephen J. Ringhoff ("Mr. Ringhoff"), Mr. and Mrs. Young's attorney, decided to pursue claims against the Gary Lee ("Mr. Lee"), the driver of the truck from which chemicals were spilled on Highway 99 prior to Mr. Young's collision, and Chemical Transfer, Mr. Lee's employer. Mr. Ringhoff also decided to pursue claims against the State of California ("State") for alleged mismanagement of the chemical spill by the California Highway Patrol and CALTRANS to contribute to the collision.

On July 11, 2006, Mr. and Mrs. Young filed a California tort claim against the State. After 45 days, on August 26, 2006, the claim was deemed denied to permit Mr. and Mrs. Young to pursue an action against the State.

On August 28, 2006, Mr. Ringhoff advised Ford that Ford's case evaluation was insufficient to satisfy Mr. and Mrs. Young. On September 20, 2006, Mr. and Mrs. Young filed their amended complaint in Stanislaus County Superior Court to add new claims, theories and grounds for punitive damages against Ford and Mr. Rios but did not add new parties.

A November 14, 2006 mediation did not result in settlement with Ford. In a November 30, 2006 case management statement, Mr. and Mrs. Young requested a November 2007 trial in Stanislaus County Superior Court and indicated "there may be other defendants brought into this action."

By a February 5, 2007 e-mail, Mr. Ringhoff informed defense counsel that he planned to name as a defendant Lear, the maker of the seat of Mr. Young's Taurus.

Mr. and Mrs. Young settled with Mr. Rios for his auto insurance policy limits. On February 7, 2007, Mr. and Mrs. Young filed their request to dismiss Mr. Rios, a non-diverse defendant.

### Removal To This Court

On February 22, 2007, Ford, as the sole remaining defendant, removed the Stanislaus County Superior Court action against it to this Court on diversity grounds. Ford points out that during the pendency of the state/federal action against Ford, the parties have engaged in pretrial activity, including:

1. Written discovery;
2. Examination of vehicles involved in the collision by parties' experts;
3. Examination of the seat frame of Mr. Young's Taurus, including upholstery removal;
4. Ford's inspection and survey of the collision scene;
5. Document production and subpoenaing records;
6. Mr. Young's deposition;
7. Case management conferences;
8. Protective order for production of Ford documents; and
9. Mediation activities, including a proposal to submit the parties' respective biomechanics to determine injury causation.

Ford notes that the parties have scheduled depositions for collision scene witnesses, met and conferred "extensively" on e-discovery, and exchanged initial disclosures.

A scheduling conference is set for July 26, 2007.

### Mr. And Mrs. Young's Second State Action Against Other Defendants

On February 26, 2007, four days after Ford's removal, Mr. and Mrs. Young filed a second Stanislaus County Superior Court action ("state action") against the State, Mr. Lee and Chemical Transfer. Mr. Ringhoff indicates that his "plan" is to add as defendants to the state action Ford and Lear, the manufacturer of the seat of Mr. Young's Taurus. As such, Mr. and Mrs. Young seek to dismiss without prejudice this federal action against Ford on grounds that:

1. Efficiency will be promoted to litigate all of Mr. and Mrs. Young's claims in the state

action which includes the State, a party not subject to this Court's jurisdiction;

2. A single state action with all defendants will avoid inconsistent rulings from trials in two courts and more effectively utilize court resources;

3. Mr. Ringhoff had diligently attempted to settle with Ford;

4. Ford will suffer no prejudice by dismissal of this federal action in that Ford will continue to benefit from its discovery and other preparation to date; and

5. Since Mr. Lee and Chemical Transfer are California residents, this Court will lose diversity jurisdiction if they are added to this action.

## DISCUSSION

### F.R.Civ.P. 41(a)(2) Dismissal Standards

Mr. and Mrs. Young seek dismissal under F.R.Civ.P. 41(a)(2) which provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Grant of a F.R.Civ.P. 41(a)(2) dismissal is reviewed under an abuse of discretion standard. *Smith*, 263 F.3d at 975; *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

"Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands*, 100 F.3d at 97. "Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976 ("need to defend against state law claims in state court is not 'plain legal prejudice' arising from voluntary dismissal of the federal claims in the district court.")

Mr. and Mrs. Young argue that Ford loses no defenses from a F.R.Civ.P. 41(a)(2) dismissal and is not prejudiced "as it has not relied on any aspect of the difference between Federal and State Rules to its detriment." Mr. and Mrs. Young note that they seek dismissal early and do not seek to avoid federal jurisdiction due to a perceived advantage or disadvantage.

Ford acknowledges that loss of a "tactical advantage" from a federal forum alone does not

constitute legal prejudice. Ford claims it suffers legal prejudice based on a combination of this action being "well underway" and a loss of federal forum. Ford accuses Mr. and Mrs. Young of forum shopping in that they give no valid basis for F.R.Civ.P. 41(a)(2) dismissal. A "defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to the forum of his choice." *McKinney v. Bd. of Trustees of Maryland Comm. College*, 955 F.2d 924, 927 (4th Cir. 1992).

### **Progress Of This Action**

The thrust of Ford's prejudice argument is that the parties have litigated this action for 15 months, including extensive discovery. Ford notes that it "has neared completion of its expert work-up, having flown numerous experts to California to inspect the subject vehicles to complete their expert analysis." Ford further notes that its experts have "conducted extensive analysis of damages" and that this case is ready for an expedited trial schedule. Ford points to lack of state action activity and defendants' "open extension of time to answer" and absence of defense responsive pleadings. According to Ford, Mr. and Mrs. Young have not prosecuted the state action and of particular importance, have failed to depose Mr. Lee despite need to preserve his testimony since he suffers from terminal cancer. Mr. and Mrs. Young attempt to deflect Ford's claims as to this action's progress and note that Mr. Young was deposed "for the sole purpose of mediation."

From Ford's perspective, this action is on the brink of expert discovery and trial shortly thereafter. Litigation of the claims against Ford is well in advance of litigation of claims against the state action defendants. If forced to litigate in the state action, Ford would suffer delay and resulting prejudice while the actions against the other defendants developed. Between the state and federal courts, this action has proceeded for 15 months. The longstanding principle is that "[a]fter removal, the federal court 'takes the case up where the State court left it off.'" *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436, 94 S.Ct. 1113, 1122 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812, 25 L.Ed. 875 (1880)). "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. Southern Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Efficiency to litigate all of Mr. and Mrs. Young's claims in the state action is mitigated by the progress of the litigation against Ford. Differing stages of litigation of Mr. and Mrs.

5

Young's claims merits denial of F.R.Civ.P. 41(a)(2) dismissal.

### Forum Manipulation

As further grounds to deny F.R.Civ.P. 41(a)(2) dismissal, Ford contends that Mr. and Mrs. Young engage in "impermissible forum manipulation" evidenced by filing the state action as "a knee-jerk reaction" to Ford's removal to this Court. Ford points to Mr. and Mrs. Young's delay to pursue claims against Mr. Lee, despite Mr. Ringhoff's knowledge of Mr. Lee's involvement in the chemical spill allegedly contributing to Mr. Young's collision. Ford notes Mr. and Mrs. Young's easily could have added non-diverse defendants when they amended their complaint in September 2006 to add new claims against Ford. Ford claims that Mr. Ringhoff has "touted a wide array of different plans to induce Ford to stipulate to remand," and including:

1. Adding seat manufacturer Lear to the state action to cause Ford to indemnify Lear in the state action and defend this action in another court;
2. Adding the State to this action to force remand;
3. Seeking to consolidate the state action and this action;
4. Awaiting the State's cross-action against Ford in the state action; and
5. Dismissing this action and adding Ford in the state action.

Mr. and Mrs. Young have made clear that they do not desire to litigate in this forum. Under the circumstances, Ford's interests cannot be swept under the rug. Whether by design or otherwise, Mr. and Mrs. Young have staggered the progress of their respective claims with the end of litigating in state court. Although dismissal of this action may be inviting, this Court is not in the position to prejudice Ford due to Mr. and Mrs. Young's delay to marshal wouldbe defendants and pursue claims against them. Mr. and Mrs. Young fail to demonstrate the merits of F.R.Civ.P. 41(a)(2) dismissal.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. and Mrs. Young's F.R.Civ.P. 41(a)(2) dismissal request.

IT IS SO ORDERED.

Dated:   June 27, 2007                        /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE