**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY YOUNG, et al., | CASE NO. CV F 07-0297 LJO SMS |
| Plaintiffs, | **ORDER ON PLAINTIFFS' MOTION TO REOPEN AND/OR RECONSIDER ORDER TO DENY DISMISSAL** |
| vs. | (Doc. 31.) |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## INTRODUCTION

Plaintiffs Anthony Young ("Mr. Young") and his wife Somjai Young ("Mrs. Young") seek this Court's reopening or reconsideration of its decision to deny F.R.Civ.P. 41(a)(2) dismissal without prejudice of this products liability action against defendant Ford Motor Company ("Ford") in that Mr. and Mrs. Young claim this Court failed to address comparative fault problems arising from a parallel state court action against other defendants. Ford correctly points out that this Court considered comparative fault and all other issues raised by Mr. and Mrs. Young to support their F.R.Civ.P. 41(a)(2) dismissal motion. This Court considered Mr. and Mrs. Young's application to reopen or to reconsider on the record[1] and VACATES the August 9, 2007 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES Mr. and Mrs. Young's request to reopen or reconsider denial of their F.R.Civ.P. 41(a)(2) dismissal motion.

---

[1] This Court notes that Mr. and Mrs. Young filed no timely reply papers.

1

## BACKGROUND

### Auto Collision

Mr. Young was rendered a quadriplegic on January 27, 2006, when his Ford Taurus was rear-ended in a chain reaction collision on Highway 99 in Stanislaus County. The collision arose after a chemical truck spill and resulting traffic slowdown. Ford contends that Mr. Young failed to notice that traffic slowed and struck an automobile in front of him to result in former defendant Joseph Rios ("Mr. Rios") rear-ending Mr. Young.

### Federal And State Actions

Mr. and Mrs. Young pursue in this federal action products liability claims against lone defendant Ford after they settled with and dismissed Mr. Rios. On February 26, 2007, four days after Ford had removed this action from state court, Mr. and Mrs. Young filed another action in Stanislaus County Superior Court ("state action") to pursue claims against Gary Lee ("Mr. Lee"), the driver of the truck from which chemicals were spilled on Highway 99 prior to Mr. Young's collision, and Chemical Transfer, Mr. Lee's employer. In the state action, Mr. and Mrs. Young also pursue claims against the State of California ("State") for alleged mismanagement of the chemical spill by the California Highway Patrol and CALTRANS to contribute to the collision.

### Dismissal Denial

On May 7, 2007, Mr. and Mrs. Young filed their motion for F.R.Civ.P. 41(a)(2) dismissal without prejudice on grounds, among others, that efficiency will be promoted to litigate all of Mr. and Mrs. Young's claims in the state action and that a single state action will avoid inconsistent rulings from trials in two courts. Ford opposed Mr. and Mrs. Young's dismissal motion on grounds that dismissal would legally prejudice Ford based on a combination of this action being "well underway" and loss of a federal forum.

This Court's June 27, 2007 order ("June 27 order") denied Mr. and Mrs. Young F.R.Civ.P. 41(a)(2) dismissal. The June 27 order explained:

> Litigation of the claims against Ford is well in advance of litigation of claims against the state action defendants. If forced to litigate in the state action, Ford would suffer delay and resulting prejudice while the actions against the other defendants developed.

In response to Ford's claim that Mr. and Mrs. Young engaged in "forum manipulation," the June 27

order observed that: "Whether by design or otherwise, Mr. and Mrs. Young have staggered the progress of their respective claims with the end of litigating in state court. . . . [T]his court is not in the position to prejudice Ford due to Mr. and Mrs. Young's delay to marshal wouldbe defendants and pursue claims against them."

On July 2, 2007, Mr. and Mrs. Young filed their motion their motion to reopen or reconsider the June 27 order on grounds that this Court "apparently" did not consider their dismissal motion reply papers and the issue of comparative fault under California law.

**DISCUSSION**

**Reopening**

Mr. and Mrs. Young ask this Court to reopen the June 27 decision, pursuant to Local Rule 78-230(h), which provides in pertinent part that a "motion may be submitted upon the records and briefs on file if the parties stipulate thereto, or if the Court so orders, subject to the power of the Court to reopen the matter for further briefs or arguments or both." Mr. and Mrs. Young project that this Court "apparently" decided their F.R.Civ.P. 41(a)(2) dismissal motion before "consideration" of their reply papers in that the June 27 order was issued on the same day that the reply papers were filed.

Mr. and Mrs. Young are incorrect. This Court considered their reply papers. As noted by Ford, the June 27 order referred to points raised in Mr. and Mrs. Young's reply papers. Mr. and Mrs. Young should not construe this Court's swift action as ignorance of their papers.

Mr. and Mrs. Young further observe that the June 27 order did not refer to "problems raised by having two actions stemming from the same incident under comparative fault principles." Mr. and Mrs. Young ignore the June 27 order's specific reference to their claim that a "single action with all defendants will avoid inconsistent rulings from trials in two courts." (June 27 order, page 4, lines 2-3.) This Court considered Mr. and Mrs. Young's comparative fault argument, was unpersuaded by it, and found that "Mr. and Mrs. Young fail to demonstrate the merits of F.R.Civ.P. 41(a)(2) dismissal." Likewise, Mr. and Mrs. Young fail to demonstrate need to reopen the June 27 order.

**Reconsideration**

Mr. and Mrs. Young further seek reconsideration of the June 27 order on grounds that "Ford has either taken a new position with regard to whether or not the case is in its preliminary stage, or has taken

1  an inconsistent position which has not previously been brought to the attention of the Court." Mr. and
2  Mrs. Young point to Ford's June 11, 2007 F.R.Civ.P. 26(a)(1) initial disclosures that:

> At this time, given the broad nature of Plaintiffs' allegations and the fact that **this litigation is in its most preliminary stages**, Ford cannot further identify with specificity any particular employees likely to have discoverable information. (Bold added.)

5  Ford responds that Mr. and Mrs. Young rely on "an out-of-context sentence taken from a subsection of
6  Ford's initial disclosures identifying technical witnesses responsive to *Plaintiffs'* theories." (Italics in
7  original.) Ford characterizes its statement in its initial disclosures as "protective" in that it addresses
8  witnesses responsive to Mr. and Mrs. Young's defect theories. Ford argues that its statement in its initial
9  disclosures "has no connection to the issues related to Plaintiffs' underlying motion."

10  Reconsideration is appropriate when the district court is presented with newly discovered
11  evidence, committed clear error, or there is an intervening change in controlling law. *School District
12  No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*,
13  512 U.S. 1236, 114 S.Ct. 2742 (1994). "Motions for reconsideration serve a limited function: to correct
14  manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v.
15  Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International
16  Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)
17  (emphasis in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th
18  Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to
19  argue new facts or issues that inexcusably were not presented to the court in the matter previously
20  decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this
21  Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different
22  facts or circumstances are claimed to exist which did not exist or were not shown upon such prior
23  motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown
24  at the time of the prior motion."

25  Mr. and Mrs. Young fail to meet reconsideration requirements. Ford's initial disclosures
26  statement was made on June 11, 2007, more than two weeks prior to the June 27 decision. Mr. and Mrs.
27  Young fail to substantiate that Ford's initial disclosures statement is a new or different matter to warrant
28  reconsideration. Mr. and Mrs. Young disingenuously attempt to twist Ford's initial disclosures

4

statement as inconsistent with its position that this action is well underway.  Mr. and Mrs. Young's attempt is not well received by this Court.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. and Mrs. Young's request to reopen or reconsider the June 27 order.

IT IS SO ORDERED.

**Dated:   August 3, 2007**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE